IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. WILLIAMS | : CIVIL ACTION |
| v. | : |
| KATHLEEN KANE, PA ATTORNEY GENERAL, et al. | : NO. 13-2556 |

**MEMORANDUM**

SAVAGE, J.                                                                                                      June 19, 2013

In this *pro se* civil rights action brought under 42 U.S.C. § 1983, plaintiff James H. Williams, a state prisoner, contends his Fourth Amendment rights were violated. He asserts false imprisonment, false arrest and malicious prosecution claims arising out of his 1986 arrest that resulted in his robbery convictions in 1987. He has named as defendants the Pennsylvania Attorney General, the Philadelphia District Attorney,[1] the Deputy Prothonotary of the Pennsylvania Supreme Court, and the Clerk of Courts for the Philadelphia Court of Common Pleas.

The allegations in the complaint relate to events during the period from January of 1986 to June of 1987. Williams was arrested on June 7, 1986 for the robberies of the same pharmacy owner and his clerks that were committed on January 13 and June 6, 1986.[2] He was held for court on all charges on June 13, 1986. He was later convicted on February 11, 1987,[3] and sentenced on June 30, 1987.[4]

Because the cause of action arose in Pennsylvania, that state's statute of limitations governing personal injury claims applies to this civil rights action. *Kach v. Hose*, 589 F.3d

---

[1] Williams names Hugh J. Burns, Jr. as the District Attorney. Burns was never the District Attorney. He was an assistant in that office.

[2] Compl. at 4; *see also* Pa. Ct. of Common Pleas Crim. Docket, MC-51-CR-0605411-1986, MC-51-CR-0605421-1986, MC-51-CR-0605431-1986, MC-51-CR-0605441-1986.

[3] Compl. at 5.

[4] *See id.*; *see also* First Jud. Dist. of Pa. Ct. Summ., CP-51-CR-0626491-1986.

626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The Pennsylvania statute of limitations on a personal injury action is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524; *Kach*, 589 F.3d at 634. Thus, the applicable statute of limitations in this case is two years.

A claim accrues when "the plaintiff has 'a complete and present cause of action.'" *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Williams asserts claims of false arrest, false imprisonment and malicious prosecution. Hence, we must determine when they accrued for purposes of applying the statute of limitations.

Fourth Amendment false imprisonment claims are similar to those for false arrest as both are "grounded in the Fourth Amendment's guarantee against unreasonable seizures." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citations omitted). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 549 U.S. at 388. The statute of limitations begins to run on causes of action for false arrest and false imprisonment when the alleged false imprisonment ends. *See id.* at 389. Because the gravaman of a false imprisonment cause of action is detention without legal process, false imprisonment necessarily ends when the legal process takes over, that is, when the arrestee is bound over by a judicial officer or arraigned on charges. *Id.*; *see also Hunt v. City of Scranton*, 236 F. App'x 740, 743 (3d Cir. 2007). Therefore, the statute of limitations on the false arrest and false imprisonment claims begins to run when a judicial officer authorizes the detention. *See Wallace*, 549 U.S. at 389.

As the criminal docket shows, formal charges were initiated against Williams in June 1986. The docket reflects that he was held for court on June 13, 1986 on all charges. At that point, the statute of limitations began to run on his claims because the arrest and imprisonment could no longer be illegal. He filed this action almost twenty-six years later, on May 9, 2013. Accordingly, his false arrest and false imprisonment claims are barred by

the statute of limitations.

> To succeed on a malicious prosecution claim, a plaintiff must prove that:
>
> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Williams has not alleged that the criminal proceeding ended in his favor. In fact, as he alleges in his complaint, he was convicted. Therefore, he cannot succeed on a claim of malicious prosecution.

Additionally, Williams' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff is barred from bringing a constitutional claim pursuant to § 1983 if a judgment in his favor would demonstrate or imply the invalidity of his criminal conviction. *Id.* at 486-87. Williams does not allege that his conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." *Id.* at 487. Indeed, it was not. Releasing Williams from confinement and awarding him the requested compensatory and punitive damages would imply that his robbery convictions in state court were invalid. Accordingly, Williams' complaint is barred by the *Heck* doctrine.

Because Williams' claims are barred by the statute of limitations and the *Heck* doctrine, we shall dismiss his complaint. Williams will not be granted leave to amend because he cannot cure the deficiencies in the complaint.